COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-392-CR
  
  
LARRY 
JAMES TREAKLE                                                        APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 297TH DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Larry James Treakle was indicted for “intentionally, with the intent to arouse 
or gratify the sexual desire of [Appellant], engag[ing] in sexual contact by 
touching the genitals of [Complainant], a child younger than seventeen years and 
not the spouse of” Appellant.  Pursuant to his guilty plea, Appellant was 
placed on deferred adjudication community supervision.  His community 
supervision was later revoked, and he was adjudicated and convicted of indecency 
with a child by contact.  He was sentenced to twenty years’ confinement 
in the Institutional Division of the Texas Department of Criminal Justice.  
More than four years after Appellant was sentenced, he filed a postconviction 
motion for DNA testing, which the trial court denied after a hearing.  
Appellant appeals from that denial.  He complains that the trial court 
erred by denying his motion or, alternatively, that the trial court erred by not 
allowing him additional time to amend his affidavit.
        The 
law in effect at the time Appellant filed his motion provided that upon receipt 
of a valid post-conviction motion for forensic DNA testing, a trial court was 
required to order the testing only if, among other things,
   
(2)the convicted person establishe[d] by a preponderance of the evidence that
 
(A) 
a reasonable probability exist[ed] that the person would not have been 
prosecuted or convicted if exculpatory results had been obtained through DNA 
testing; and
 
(B) 
the request for the proposed DNA testing [wa]s not made to unreasonably delay 
the execution of sentence or administration of justice.[2]
 
 
        Without 
ruling on whether Appellant’s motion and affidavit were legally valid, we note 
that both the motion and Appellant’s affidavit tracked the statutory language 
of article 64.03, but they did little else. Neither document mentioned or 
described any evidence that could be tested.  Neither made any specific 
factual allegations.[3]
        The 
State’s response, filed approximately two months before the hearing, included 
an affidavit by a Fort Worth Police Department officer that indicated that the 
department possessed two sealed boxes of film, VHS videotapes, and magazines 
“that might contain biological evidence.”  The State’s response and 
argument at the hearing made clear that any DNA evidence present in the two 
sealed boxes would have no relevance to the offense to which Appellant pled 
guilty and for which he has been convicted and sentenced.  As the trial 
court pointed out, had Appellant been charged with touching the complainant with 
an item from the box, then the evidence possessed by the police department would 
have had relevance.
        Nothing 
Appellant provided in his affidavit, motion, or argument at the hearing 
indicated that any evidence in the box had any connection to the alleged contact 
with the complainant.  After the hearing, the trial court found that “no 
reasonable probability exists that DNA testing of the films, videotapes, and 
magazines would have exonerated” Appellant and that “no reasonable 
probability exists that [Appellant] would not have been convicted had the films, 
videotapes, or magazines been DNA tested.”  The trial court denied 
Appellant’s motion and denied him additional time to amend his affidavit.
        Based 
on the law and our review of the record, we cannot say that the trial court 
erred in denying the motion.[4]  Additionally, 
because any DNA evidence present on the items in the two sealed boxes held by 
the Fort Worth Police Department would only “muddy the waters” and not tend 
to exonerate Appellant,[5] and because granting an 
abeyance would fly in the face of the statute’s policy of avoiding 
unreasonable delay,[6] we also cannot say that the 
trial court erred in refusing to grant Appellant more time to amend his 
affidavit.
        We 
overrule Appellant’s point and affirm the trial court’s order denying 
Appellant’s motion for DNA testing.
  
  
                                                          LEE 
ANN DAUPHINOT
                                                          JUSTICE
 
  
PANEL 
B:   DAUPHINOT, WALKER, and MCCOY, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
March 3, 2005


NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. Laws 2, 3-4 
(amended 2003) (current version at Tex. 
Code Crim. Proc. Ann. art. 64.03 (Vernon Supp. 2004-05)); see also 
Act of April 25, 2003, 78th Leg., R.S., ch. 13, §§ 8, 9, 2003 Tex. Gen. Laws 
16, 17 (providing that former law governs motions for DNA testing filed before 
September 1, 2003).
3.  
See Tex. Code Crim. Proc. Ann. 
art. 64.01(a) (Vernon Supp. 2004-05) (providing that the affidavit must contain 
statements of fact in support of the motion).
4.  
See Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. 
Laws 2, 3-4 (amended 2003).
5.  
See Kutzner v. State, 75 S.W.3d 427, 439 & n.27 (Tex. Crim. App. 
2002).
6.  
See Act of April 3, 2001, 77th Leg., R.S., ch. 2, § 2, 2001 Tex. Gen. 
Laws 2, 3-4 (amended 2003).